J-S43037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JERMAINE LAVELL LUCAS | |
| Appellant | No. 148 WDA 2017 |

Appeal from the Judgment of Sentence December 6, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0003431-2015

BEFORE: STABILE, SOLANO, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:     FILED: July 20, 2017

Appellant, Jermaine Lavell Lucas, appeals from the judgment of sentence imposed following his guilty pleas to two counts of possession with intent to deliver ("PWID") a controlled substance,[1] and one count of hindering apprehension or prosecution.[2]  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> Appellant pled guilty on October 4, 2016 to Possession with Intent to Deliver Heroin, Possession with Intent to Deliver Cocaine, and Hindering Apprehension or Prosecution.  The remaining counts were *nolle prossed.*

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 5105(a)(1).

On December 6, 2016, Appellant was sentenced in the standard range of the sentencing guidelines on each count. He received 24-48 months at [PWID] Count 1, 20-[40] months at [PWID] Count 2, and 3-[23½] months [for hindering/apprehension]. Confinement was consecutive on all three counts and consecutive to the sentence Appellant received at his probation revocation hearing at Docket Number 444 of 2014.

The aggregate sentence which results is 47 to [111½[3]] months of incarceration for Docket Number 3431 of 2015. Appellant understood when he entered his plea that the maximum sentences for his crimes totaled 27 years (324 months). . . .

On December 16, 2016, Appellant filed a Motion for Reconsideration of Sentence. Appellant claimed the sentencing judge failed to consider mitigating factors such as [] Appellant's family situation, that he was remorseful for his conduct and accepted responsibility in his plea of guilty. Appellant averred that a sentence at the low-end of the standard range was most appropriate in this case. The motion was denied by Order dated December 19, 2016.

Appellant filed a Notice of Appeal [on January 18, 2017,] and a Concise Statement on February 8, 2017. Appellant argued there was not sufficient grounds to sentence him at the high end of the standard range and that the sentences should have been concurrent instead of consecutive. Appellant also argued that the [c]ourt failed to adequately consider mitigating factors, including [] Appellant's cooperation at arrest and admission of guilt, Appellant's guilty plea, Appellant's remorse, and five minor children. Appellant averred a more appropriate sentence would be at the low end of the standard range with each count running concurrently.

---

[3] We note the trial court's opinion and Appellant's brief misstate Appellant's sentence for count 2 of PWID as 20-46 months' imprisonment and for hindering/apprehension as 3-23 months' imprisonment. However, the sentencing order correctly indicates that Appellant's sentence for count 2 of PWID and for hindering/apprehension is 20-40 months' and 3-23½ months' imprisonment, respectively. *See* Sentencing Order, 12/6/16.

Trial Ct. Op., 3/10/17, at 1-2 (citations omitted).

Appellant raises the following issue for our review:

> Was the sentence in this case manifestly excessive and clearly unreasonable, and not individualized as required by law, especially in that the sentence did not properly take into account the several mitigating factors present?

Appellant's Brief at 3 (capitalization omitted).

Appellant challenges the discretionary aspects of his sentence. Appellant argues his aggregate sentence of 47 to 111½ months' imprisonment is manifestly excessive. Appellant also contends the trial court failed to consider mitigating factors, including that he expressed remorse, took responsibility for his actions, had a high school degree, and has five children. Appellant concludes this Court should vacate his judgment of sentence and remand for resentencing. No relief is due.

This Court has stated that:

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (quotation marks and some citations omitted).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

*Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

"Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* A claim that a sentence is manifestly excessive **might** raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002). However, "[a] claim that a sentencing court failed to consider certain mitigating factors does not raise a substantial

question . . . ." ***Commonwealth v. Lewis***, 911 A.2d 558, 567 (Pa. Super. 2006) (citations omitted).

Instantly, Appellant timely appealed, preserved his discretionary aspects of sentencing issue in his motion for reconsideration of sentence, and included a Pa.R.A.P. 2119(f) statement in his brief. ***See Evans***, 901 A.2d at 533. Appellant asserts the trial court imposed a manifestly excessive sentence. Generally, such a bald assertion does not raise a substantial question. ***See Mouzon***, 812 A.2d at 627. In any event, Appellant's claim is meritless. This Court has stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted).

In making a reasonableness determination, a court should consider four factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S. § 9781(d)(1)-(4).

A sentence may be found to be unreasonable if it fails to properly account for these four statutory factors, or if it "was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing[.]" ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007). These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

"[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa. Super. 2011); ***see also Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (stating "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code" (citation omitted)). Under such circumstances, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Corley***, 31 A.3d at 298 (quoting ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988)) (quotation marks omitted).

Here, Appellant's sentence is in the standard range of the Sentencing Guidelines. Because the trial court reviewed Appellant's pre-sentence investigation report, we assume it took into consideration the mitigating circumstances raised in Appellant's brief, such as his high school degree and five children. *See Corley*, 31 A.3d at 298. Moreover, the trial court summarized its reasons for Appellant's sentence as follows:

> I have listened to the evidence presented here today. I have read the revocation summary and the [pre-sentence investigation report] for both docket numbers 444 of 2014 and 3431 of 2015.
>
> I'm also familiar with the facts of the case at 3431, since I presided over a pretrial hearing in that case. And I do note to your credit, [Appellant], as to Docket 3431, you've accepted responsibility by way of your plea in that case.
>
> And then I have to balance that. And I do take in account your age and the fact you do have a high school degree. I'm not sure what kind of parent you've been to five children at such a young age that you are. When, in fact, you spend most of your time in and out of the criminal justice system as a juvenile and as an adult.
>
> As a juvenile you had serious offenses, including robbery, conspiracy to commit robbery. There were efforts to work with you. You were revoked several times as a juvenile.
>
> You came into the adult system, and you're given benefit by Judge Garhart originally at Docket Number 444, and I'm sure he took into account your age and the fact this was your first adult offense, but they were serious; it involves a firearm that you were carrying without a license and a resisting arrest. But he allowed you to stay in the community and gave you a sentence in the mitigated range of the sentencing guidelines, and that was on April 29th of 2015.

Unfortunately, the offenses at Docket 3431 were committed less than six months later, on October 23rd of 2015, and in the meantime, you had already been called in by your probation officer for—to your credit you admitted smoking marijuana and services were in place for you, so you had services in place. He didn't detain you, he got you services for the use of pot. So while you were supposedly doing that, on October 23, 2015, you're clearly harboring a fugitive who's wanted for homicide and you're clearly involved in dealing drugs out of this house.

And there's a significant quantity of heroin, a significant quantity of cocaine found in that house, and that is a concern, because it tells me that you have made no significant effort to change your lifestyle or your criminal thinking. And that if left to your own devices, you would continue on those ways and that's unfortunate, because possessing firearms and dealing drugs are a very dangerous combination. And they're a threat to the health and safety of other people in this community.

N.T. Sentencing, 12/6/16, at 12-14. We discern no abuse of discretion in the trial court's reasoning. *See Sheller*, 961 A.2d at 190. Therefore, Appellant's sentence of 47 to 111½ months' imprisonment was not manifestly excessive. *See Corley*, 31 A.3d at 298; *Moury*, 992 A.2d at 171. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2017